FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 04 2020 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

           -against-                          **MEMORANDUM OF DECISION & ORDER**

DONOVAN SHOUDER,                    07-CR-287 (ADS)

            Defendant.
------------------------------------------------------------X

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, NY 11722
      By:    John Joseph Durham, Assistant United States Attorney.

**Gary Shoer, Esq.**
*Attorney for the Defendant*
6800 Jericho Turnpike
Syosset, NY 11791

**SPATT, District Judge**:

On January 31, 2018, defendant Donovan Shouder (the "Defendant") was sentenced to 24 months' incarceration after pleading guilty to criminal possession of a controlled substance and being a felon in possession of a firearm. In addition, the Defendant pleaded guilty to related state charges, and was sentenced to approximately three years' incarceration on those charges by a New York State court. The Court fashioned the Defendant's sentence for his federal charges to run consecutively with his state charges.

On March 13, 2020, pursuant to the Court's sentence, the Defendant was transferred into federal custody after completing his three year state sentence. Due to the COVD-19 pandemic, the Bureau of Prisoners ("BOP") stopped transporting prisoners, so that the Defendant has been

housed in the Oneida County Correctional Facility, as a federal detainee, since that date. The Defendant has at least 18 months remaining on his federal term of incarceration.

Presently before the Court is an application for compassionate release by the Defendant, pursuant to 18 U.S.C. § 3582(c)(l)(A)(i), requesting that the Court either decrease his sentence to time-served or to modify his sentence to permit home detention for the remainder of his term of incarceration. For the following reasons, the Court denies the Defendant's application.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02-cr-743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). 18 U.S.C. § 3582(c)(1)(A)(i) permits a court to reduce a term of imprisonment if, after considering the factors set forth in section 3553(a), "it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Relevant here, extraordinary and compelling reasons for modification exist where "[t]he defendant is ... suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).

The Defendant argues that he qualifies for compassionate release due to the alleged spread of COVID-19 in Oneida County. He alleges that he suffers from asthma and high blood pressure, which make him at higher risk of complications stemming from COVID-19. The Court finds that the Defendant has not established the existence of extraordinary and compelling circumstances, because he has not made an adequate showing regarding the prevalence of COVID-19 in the correctional facility housing him.

As the Defendant concedes, no inmates in his correctional facility have tested positive for COVID-19. ECF 158 at 2. This fact overwhelmingly weighs against granting the Defendant's application. *See United States v. Seshan*, No. 14-cr-620, 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying application for compassionate release where "of the 12 other inmates at FMC Devens who were tested for COVID-19, none tested positive"); *United States v. Rodriguez*, No. 16-cr-167, 2020 WL 1866040, at *3 (S.D.N.Y. Apr. 14, 2020) (denying application for compassionate release where "the MDC – where Rodriguez is housed – reported a total two inmates who tested positive for COVID-19.1 The MDC houses 1,734 total inmates. That means that approximately 0.12% of MDC inmates have been confirmed to have COVID-19 "). Nothing the Defendant cites to the contrary warrants concluding otherwise.

First, the Defendant points to the spread of COVID-19 in Oneida County generally, where 669 people have tested positive and 25 have passed away due to COVID-19-related fatalities. As an initial matter, the spread of COVID-19 outside of correctional facilities does not support compassionate release of an inmate confined within a correctional facility. *See United States v. Weeks*, No. 16-cr-167, 2020 WL 1862634, at *3 (S.D.N.Y. Apr. 14, 2020) ("All he has done is to note that he is in prison and there is a COVID-19 outbreak nationwide. That is not enough. . . . Although the health concerns from COVID-19 are undoubtedly serious (for inmates and non-inmates alike), Weeks has proffered nothing more than conjecture about how FCI Fairton has failed to address the COVID-19 crisis appropriately[.]"); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

The Court also notes that the prevalence of COVID-19 is much less substantial in Oneida County than in other regions of New York, such as Nassau County, where the Defendant seeks to be released. Indeed, the State of New York has recently designated Oneida County eligible for Phase One re-opening due to declining case rates and fatalities. *See* N.Y. Exec. Order 202.31.

Second, the Defendant cites a news article reporting that the New York "state Department of Corrections has begun releasing low-level, technical parole violators from local jails, including 11 inmates from the Oneida County Jail, . . . due to the growing number of coronavirus cases in local jails." ECF 258-7. Those individuals were not released due to the spread of COVID-19 in the correctional facility housing the Defendant. To the contrary, the article reports "that there are no COVID-19 cases at the Oneida County Jail" and indicates that the release of the affected individuals came pursuant to a *statewide* order "expected to involve up to 1,100 accused parole violators across the state, including roughly 700 people outside of New York City." *Id.* Thus, the article fails to establish that the Defendant is particularly at risk of contracting COVID-19.

Third, the Defendant contends that there have been no positive cases identified in the Oneida correctional facility because there has been no testing, and that there are certain unnamed "symptomatic positive cases presently at the jail." ECF 258 at 2. The Court is aware that certain courts overlooked the lack of positive tests in correctional facilities to order compassionate release of particularly high risk individuals. However, the spread of COVID-19 in Oneida County as a whole has not been substantial enough to make this one of those situations. Moreover, the Defendant provides no corroborating details other than his conclusory assertion that there are some, notably unidentified, individuals demonstrating generic, also unidentified, "symptoms." These accusations are too conclusory and self-serving to justify the Defendant's release.

Finally, the Defendant argues that the Court should compassionately release him because the Oneida correctional facility subjects him to harsher conditions and offers less services than a BOP facility. The Defendant cites no authority supporting the proposition that a defendant's temporary confinement in a state correctional facility, as opposed to a federal facility, constitutes extraordinary and compelling circumstances. Nor is the Court aware of any authority establishing that a Court may order compassionate release due to the absence of certain vocational and rehabilitation services desired by a defendant. *See Weeks*, 2020 WL 1862634, at *3 ("Instead of focusing on health concerns specific to the Defendant . . . , the Defendant's submission primarily relies on his efforts to 'grow and excel,' while at FCI Fairton, through vocational training and his work as an orderly. Although those efforts . . . are indeed admirable, they are not grounds for release under Section 3582(c)(1)(A)"); *United States v. Lisi*, No. 15-cr-457, 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020) (finding that "rehabilitation of the Defendant" did not raise "an extraordinary and compelling reason for compassionate release").

Therefore, the Court finds that the Defendant has not made a sufficient showing that he is likely to contract COVID-19 in the Oneida correctional facility to establish extraordinary and compelling circumstances. For that reason, the Court need not decide whether the Defendant's asthma and high blood pressure are severe enough to make at high risk of COVID-19-related complications or whether the § 3553(a) factors support his release. *See United States v. Cassidy*, No. 17-cr-116S, 2020 WL 2465078, at *7 (W.D.N.Y. May 13, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Olszewski*, No. 15CR364, 2020 WL 2420483, at *3 (S.D.N.Y. May 12, 2020) ("Because

Olszewski has failed to demonstrate 'extraordinary and compelling reasons,' this Court need not address whether the § 3553(a) factors militate in his favor.").

Accordingly, the Court denies the Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in its entirety.

It is **SO ORDERED.**

Dated: Central Islip, New York
June 4, 2020

/s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge